CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED for Roanoke
FEB 28 2007
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| KENDALL D. WRIGHT, ) | |
| Petitioner, ) | Civil Action No. 7:06cv00634 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Hon. Norman K. Moon |
| Respondent. ) | United States District Judge |

Kendall D. Wright, a federal inmate proceeding pro se, filed this 28 U.S.C. § 2255 motion challenging his re-sentencing on January 14, 2005 for conspiring to possess with intent to distribute and distributing of cocaine base and marijuana, in violation of 21 U.S.C. § 846; and two counts of possessing with intent to distribute cocaine base and marijuana, in violation of 18 U.S.C. § 841(a)(1). Wright claims that his attorney was constitutionally ineffective in failing to discuss his right to appeal and in failing to file a notice of appeal. This matter is before the court on respondent's motion for an evidentiary hearing. For the reasons set forth herein, the court will grant respondent's motion and refer the matter for an evidentiary hearing on the issues of whether counsel consulted with Wright regarding his right to appeal, whether counsel had a duty to consult with Wright regarding his right to appeal, and whether Wright requested counsel file a direct appeal.

## Background

On March 21, 2001, Wright was convicted of conspiring to possess with intent to distribute and distributing of cocaine base and marijuana (Count 1) and two counts of possessing with intent to distribute cocaine base and marijuana (Counts 2 and 3). The court sentenced him to 142 months incarceration as to Counts 1 and 2 and 60 months as to Count 3, with said terms to run concurrently.

On October 27, 2003, Wright filed a motion pursuant to 28 U.S.C. § 2255, requesting a re-sentencing as a result of the dismissal of a state conviction used to enhance Wright's sentence. On

July 20, 2004, this court granted Wright's § 2255 motion and re-opened his criminal case for re-sentencing. Thereafter, a re-sentencing hearing was held and on January 14, 2005 the court entered an amended judgment, sentencing Wright to 128 months as to Counts 1 and 2, and 60 months as to Count 3, with said terms to run concurrently. No appeal was filed regarding the amended judgment.

## Discussion

Wright claims that counsel was ineffective in failing to consult with him regarding his right to appeal and in failing to file an appeal on his behalf.[1] A claim of ineffective assistance may arise when trial counsel fails to consult with a defendants regarding his right to appeal. Roe v. Flores-Ortega, 528 U.S. 470, 477-80 (2000). In cases where defendants have not instructed counsel to file an appeal, the constitutional inquiry beings with the question of whether counsel in fact consulted with the defendant about the advantages and disadvantages of appealing and made a reasonable effort to determine the client's wishes. Id. at 478. Where counsel has consulted with the defendant regarding the advantages and disadvantages of filing an appeal, counsel is only ineffective if he fails to follow the defendant's instructions. Id. at 480. Where there is no evidence that counsel consulted with the defendant after sentencing, the court must further inquire whether counsel had the affirmative duty to consult. Id. An affirmative duty to consult arises when either (1) any rational defendant would want to appeal (for example, where there is a non-frivolous ground for appeal), or (2) this particular defendant reasonably demonstrated to counsel that he was interested in appealing. Id.

Furthermore, if Wright asked counsel to file an appeal but counsel failed to do so, a claim of ineffective assistance also arises. "An attorney who fails to file an appeal after being instructed

---

[1] Wright's attorney disputes these allegations in an affidavit submitted with the respondent's motion for an evidentiary hearing.

2

by his client to do so is per se ineffective." United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000)); see also United States v. Peak, 992 F.2d 39, 42 (4th Cir, 1993). The aggrieved inmate need only show "that . . . counsel was ineffective and . . . but for counsel's ineffectiveness, an appeal would have been filed." Id. The inmate need not show a reasonable probability of success on appeal. See id.

In light of Wright's allegations that counsel did not consult with him regarding an appeal, and his attorney's conflicting affidavit, the court refers the matter to United States Magistrate Judge B. Waugh Crigler for an evidentiary hearing on the issues of whether counsel consulted with Wright regarding his right to appeal, whether counsel had a duty to consult with Wright regarding his right to appeal, and whether Wright requested counsel file a direct appeal.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to the petitioner, counsel of record for the respondent, and Judge Crigler.

ENTER: This 28th day of February, 2007.

United States District Judge